McKAY, Circuit Judge,
concurring in part and dissenting in part.
While I agree with the majority that the district court did not abuse its discretion in admitting “other acts” evidence under Federal Rule of Evidence 404(b), I cannot agree with the majority’s holding that the admission of an investigating officer’s testimony regarding the credibility of other witnesses was harmless beyond a reasonable doubt. Therefore, I respectfully dissent. I tire of these cases where the prosecution battles to admit illegal testimony and then turns around to argue harmless error to the appellate court when they succeed in their initial objective.
The prosecution, with full knowledge that it had a case with unreliable witnesses and lacking any physical evidence, purposely set the stage by opening up with a hearsay witness who, relying on his “experience,” was vouching for the credibility of several unreliable witnesses. This first witness, Deputy Higdon, set the framework for the entire trial. The effect of this illegal vouching evidence, in addition to framing the entire case, was compounded by the trial court. In effect, by overruling defense counsel’s objection, the court endorsed such testimony by a “trained narcotics investigator” as expert testimony in front of the jury further bolstering the impact of the illegal testimony.[1]
Credibility of the co-conspirators was the central issue at trial. It is certain that Deputy Higdon’s testimony was critical in bolstering the inconsistent and unreliable testimony of the Government’s other witnesses. There is virtually no physical evidence to tie Defendant to the charged crime. The Government did not recover any drugs from Defendant. The only evidence linking Defendant to the drugs is that of several co-conspirator witnesses 1) who are all family members, 2) who all received plea bargains, and 3) whose testimony consistently improved as the plea deals were offered.
The Government attempted and failed in its attempt to set up a controlled buy with Defendant. The Government’s witnesses, on the other hand, were all caught “red-handed.” Knowing its case was shaky, the Government used the vouching method to overcome inconsistencies in the witnesses’ stories.
“The question is whether, on the whole record ... the error ... [is] harmless beyond a reasonable doubt.” Rose v. Clark, 478 U.S. 570, 583, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) (internal quotations and citations omitted). In order to find Defendant guilty, the jury had to believe the testimony of the co-conspirators. Therefore, in order to arrive at the conclusion that the evidence is overwhelming in this case, we have to rely on the impermissible testimony of the officer vouching for the unreliable witnesses. It is virtually certain that the vouching testimony of Deputy Higdon impermissibly influenced the jury’s perception of the co-conspirators’ credibility. This does not even come close to meeting our requirement that the error must be harmless beyond a reasonable doubt.
This case is similar to United States v. Sanchez-Lima where the Ninth Circuit held that the error was not harmless where the jury’s verdict necessarily depended on the credibility of the bolstered *720 witness. 161 F.3d 545, 548 (9th Cir.1998) (prosecution for assault on a federal officer resulting from a border patrol incident). In Sanchez-Lima, the trial court improperly allowed the admission of testimony of one federal agent, based on his “training and experience,” which bolstered the credibility of another federal agent. Similar to our case, the defendant’s theory of the case required the jury to reject the agent’s account and believe the opposite.
I cannot hold that the admission of Deputy Higdon’s testimony was harmless beyond a reasonable doubt. I would reverse and remand with directions to grant a new trial.

. "Well, I’m going to overrule your objection. I think he’s well experienced. Go ahead.”
See Rec., Vol. 7, at 274-77.